UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HENRY T. LIGGINS,

     Petitioner,     FILE NO. 2:08-CV-225

v.     HON. ROBERT HOLMES BELL

DAVID BERGH,

     Respondent.
_____/

### OPINION ADOPTING REPORT AND RECOMMENDATION

  This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #7). The matter presently is before the Court on Petitioner's objections to the R&R (docket #8).

  This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

The Magistrate Judge recommended that the petition be denied because it was barred by the statute of limitations. Petitioner makes no challenge to the Magistrate Judge's calculation of the statutory limitations period, nor does he argue that he should be entitled to equitable tolling. Instead, he makes vague, general arguments about his entitlement to relief on the merits of his petition. He therefore has waived his objection to the R&R. *Miller*, 50 F.3d at 380.

Having considered each of Petitioner's objections and finding no error, the Court hereby denies Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court.

Under 28 U.S.C. § 2253(c)(2), the Court also must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

This Court denied Petitioner's application on the procedural grounds that it was barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural ground that the petition is barred by the statue of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion shall be entered.

Dated: June 18, 2009           /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               UNITED STATES DISTRICT JUDGE

3